**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FALCON INDUSTRIES, INC.,

       Plaintiff,

vs.                                                                                    No. CIV-12-679 JCH/ACT

COMBAT OPTICAL, INC., et al.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Ex-Parte Motion for Leave to Take Immediate Discovery [Doc. 10] and Memorandum in Support of Plaintiff's Ex-Parte Motion for Early Discovery [Doc. 10-1].

Plaintiff, a New Mexico Corporation located in Moriorty, New Mexico, produces accessories for use with firearms and with simulated firearms. [Doc. 1 and Doc. 10-1 at p. 2.] Among those accessories are "rail covers" that can be attached to "Picatinny rails" which allegedly provide a more comfortable gripping surface. Plaintiff asserts that "Picatinny rails" are used throughout the world for attaching accessories to firearms. [Doc. 10-1 at p. 2.] Plaintiff has a patent on its rail covers. [*Id.*]

In its *ex parte* motion, Plaintiff seeks the identities of AirsoftXP, The Global Sportsman, Gun Rifle Gear, Tactical Deals, American Tactical and DeltaTeamTactical (the "merchants"). [Doc. 10-1 at p. 1.] Plaintiff claims that all the defendant merchants sell patent infringing rail covers through an Amazon.com web store and Plaintiff seeks "the names, addresses, and other identifying information corresponding to nickname, storefront, or web store associated with each

of the merchants." [*Id.*] Plaintiff states that the merchants are "individuals whose true names and addresses are unknown to Plaintiff" and furthermore none of the merchants "provide sufficient details on their storefronts. . . such that they can be identified and served with a summons to appear in this action." [*Id.* at p. 2]. Plaintiff also seeks to propound discovery on "uncooperative or non-responsive individuals or businesses identified by Amazon.com for the limited purpose of determining the proper defendants in this case." [*Id.* at p. 1.]

Fed.R.Civ.P. 26(d) provides in part as follows: "Except when authorized under these rules or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f)." While generally precluding discovery until the Rule 26(f) meeting, there is authority allowing expedited discovery. The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery. *See, e.g.*, Fed.R.Civ.P. 26(b)(2) and 26(d).

Expedited discovery is frequently appropriate in cases involving requests for preliminary injunction and thus requests for expedited discovery frequently appear in cases involving requests for preliminary injunction. *Metal Building Components, L.P. v. Joe Allen Caperton*, No. Civ. 04-0256, M. Vazquez (D.N.M. April 2, 2004, Doc. 28 at p. 6). In some courts, the more stringent standard set forth in *Notaro v. Koch*, F.R.D. 403, 405 (S.D.N.Y. 1982), which tracks the standard required for obtaining a preliminary injunction, is employed to determine if early discovery should be permitted. *Notaro*'*s* factors are (1) irreparable injury; (2) a probability of success on the merits; (3) a connection between the expedited discovery and avoidance of irreparable harm; and (4) evidence that injury that will result without the expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Id.* at 405.

2

Other courts will permit a party seeking expedited discovery in advance of a Rule 26(f) conference if the party has met the burden of showing good cause for the requested departure from usual discovery procedures.  Good cause could be found when a party is seeking a preliminary injunction or when the physical evidence may be destroyed with the passage of time. *See Pod–Ners, LLC v. Northern Feed & Bean of Lucerne, Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D.Colo.2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc*., 202 F.R.D. 612, 614 (D.Ariz.2001); *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc*.  213 F.R.D. 418, 419 (D.Colo.2003); *Semitool, Inc. V. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 275-76 (N.D.Cal. 2002); *Metal Building Components, L.P. v. Joe Allen Caperton*, No. Civ. 04-0256 M. Vazquez (D.N.M. April 2, 2004, Doc. 28).

Here, Plaintiff argues that "Amazon has a policy of protecting the private information of their customers and of the third parties who sell through Amazon.com." [Doc. 10-1 at p.2.] Plaintiff's counsel attaches a copy of an exchange of emails from a different case between him and a paralegal at Amazon.com.  [Doc. 10-2].  The email exchange reflects that the plaintiff's counsel advised Amazon that it had been awarded a default judgment of patent infringement and was "seeking information in aid of making damages certain against the infringer" and that Amazon had information regarding the defendant. [*Id.*] Amazon advised Plaintiff's counsel that it was their policy to keep all sales information confidential and that "it had forwarded the correspondence on to the third party seller" and requested that the third party seller contact the plaintiff's attorney directly. [*Id.*] Plaintiff's counsel states that the defendant never contacted him, after which Plaintiff's counsel served a subpoena on Amazon.com and eventually did receive the information. [Doc. 10-1 at p. 2.] Plaintiff's counsel states that "the inference . . . is that Amazon.com will protect its customers' and associates' information unless a subpoena,

judicial order, or directive of similar gravity compels Amazon.com to divulge that information." [*Id.*]

Plaintiff assets that they have good cause for their expedited request on the grounds that the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." [Doc. 10-2 at p. 5, quoting *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.* 213 F.R.D. 418, 419 (D.Colo.2003).] Plaintiff asserts that the records "in all likelihood, are electronically stored and subject to a data retention policy.  As such, the records may be intentionally or unintentionally lost or destroyed." (Emphasis added.)  [Doc. 10-1 at p. 5.]

Plaintiff' counsel also refers the Court to the opinion of the Honorable Lorenzo F. Garcia in another case involving an *ex parte* application for discovery where Judge Garcia ultimately did allow early discovery. [Doc. 10-1 at p. 3 referencing *Capital Records, Inc. v. Does 1-16*, L. Garcia (April 24, 2004, Doc. 8 and Doc. 17.)]   In *Capital Records, Inc. v. Does 1-16,* the Plaintiffs held copyrights to music that was downloaded by people at the University of New Mexico ("UNM"). [Doc. 10-1 at p. 3.]  The Plaintiffs filed an *ex parte* application seeking to subpoena UNM for the identities of defendants. [*Capital Records, Inc. v. Does 1-16*, L. Garcia (April 24, 2004, Doc. 8).] Judge Garcia was concerned about the highly confidential nature of the files sought by the Plaintiffs, disclosure of which could well violate the subscribers' privacy rights.

 Judge Garcia denied the application [*Id*.] and directed the Plaintiffs' counsel to contact UNM counsel and "attempt to agree on a fair and reasonable process that would allow Plaintiffs to identify limited information about the subscribers." [*Id*. at p. 2.] Judge Garcia's order resulted in meetings and negotiations between the Plaintiffs and UNM, and ultimately Judge Garcia

entered a discovery order to govern the process. [*Capital Records, Inc. v. Does 1-16*, L. Garcia (April 24, 2004, Doc. 17.).]

*Capital Records, Inc*. is very similar to the situation in this case because Plaintiff intends to serve Rule 45 subpoenas on Amazon.com, not on the individual merchants, and thereby may gain access to private information. Like the individual subscribers at UNM, disclosure of the merchants' files may contain confidential information the disclosure of which would violate the merchants' privacy rights, as well as possibly the privacy rights of the consumers who patronized the various merchants, including credit card information, purchase histories, emails and other communications. Plaintiff's assertion of "in all likelihood" the information it seeks "may be" destroyed is a less than compelling reason to depart from the orderly approach to discovery contemplated by Rule 26 especially in light of the confidential nature of the files sought by Plaintiff.

The Court will not grant the *ex parte* application at this time. Instead, Plaintiff should contact the appropriate representative or counsel for Amazon.com and advise Amazon.com that it is seeking limited information on the specified merchants. At noted in Plaintiff's Memorandum,

> [p]laintiff can supply Amazon.com with the unique identifiers associated with each of the merchants and or certain of each merchants infringing rail covers. It should be trivial for Amazon.com to cross reference those unique identifiers and thereby locate their own records regarding the merchants. Those records contain the information Plaintiff seeks.

[Doc. 10-1 at pp. 6-7.] Therefore, counsel for Plaintiff is instructed to confer with the appropriate representative or counsel for Amazon.com to see if they can agree on a process that would allow Plaintiff to obtain the limited information that it seeks about the merchants. If an agreement is reached, a proposed order should be submitted to the Court. If the Plaintiff and Amazon.com

cannot agree, Plaintiff's counsel is to notify the Court concerning the status of the discussions with Amazon.com.  If an agreement cannot be reached between Plaintiff's counsel and Amazon.com, the Court will revisit the issue of Plaintiff's request for expedited discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Ex-Parte Motion for Leave to Take Immediate Discovery [Doc. 10] and Memorandum in Support of Plaintiff's Ex-Parte Motion for Early Discovery [Doc. 10-1] is taken under advisement and counsel for Plaintiff is instructed to proceed as outlined above.

_____
Alan C. Torgerson
United States Magistrate Judge