IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FALCON INDUSTRIES, INC.,

    Plaintiff,

v.                          No. 12cv0679 JCH/ACT

COMBAT OPTICAL, INC.;
SELLMARK CORPORATION;
DMA, INC.;
GUN RIFLE GEAR AKA GRG MFG;
THE GLOBAL SPORTSMAN;
TACTICAL DEALS;
AMERICAN TACTICAL; and
HALDO, INC.,

    Defendants.

**ORDER DENYING DEFAULT JUDGMENT
AGAINST DEFENDANT DMA, INC.
and ORDER TO SHOW CAUSE WHY FALCON INDUSTRIES INC.'S
CASE AGAINST DMA SHOULD NOT BE DISMISSED**

**THIS MATTER** comes before the Court on Plaintiff Falcon Industries, Inc.'s *Motion for Default Judgment*, filed November 16, 2012 (Doc. 32). The Court will deny the motion and order Falcon to show cause why its case against DMA, Inc. should not be dismissed for failure to prosecute.

    **I. Procedural background**

The record shows that Plaintiff filed its original Complaint on June 25, 2012, and filed a First Amended Complaint as a matter of right listing DMA, Inc. as a Defendant on August 24, 2012, *see* Docs. 1, 9; that Plaintiff served DMA with the First Amended Complaint on October 11, 2012, by personally serving its registered agent, *see* Doc. 30 at 2; and that the Clerk filed an entry of default on November 15, 2012, *see* Doc. 31. Other Defendants filed Answers with Counterclaims to the Amended Complaint. *See* Docs. 13, 23, 24, 25. The record further shows

that Plaintiff improperly filed a Second Amended Complaint without either first filing a document showing consent of all of the opposing parties or obtaining leave of the Court on April 25, 2013[1]. *See* Doc. 49. *See also* Fed. R. Civ. P. 15(a) (permitting a party to amend its pleading once "as a matter of course" within 21 days after serving it or within 21 days of being served with a responsive pleading or motion to dismiss, but otherwise providing that a party "may amend its pleading only with the opposing party's written consent or the court's leave"). The Second Amended Complaint deleted claims against certain Defendants; added another Defendant – Haldo, Inc. – and also added new allegations and claims against DMA. *See* Doc. 43 at 8, ¶¶ 68-70. Falcon newly alleged that "DMA conducted its wrongful acts willfully and without authorization or license;" claimed for the first time that "Falcon has suffered and will continue to suffer substantial damage as a result of DMA's infringement of the '594 patent including, but not limited to, loss of sales of its own rail covers and loss of value of its patent;" and newly claimed that "Falcon is entitled to an accounting of DMA's profits derived from the sale of rail covers." *Id.*

No one objected to the filing of the Second Amended Complaint, and Defendants Combat Optical, Inc. and Sellmark Corporation again answered and filed counterclaims. *See* Docs. 52, 53. The other Defendants, however, including Gun Rifle Gear (hereinafter called "GRG") and Haldo, Inc., have never filed an answer or counterclaims to this Second Amended Complaint. Combat Optical and Sellmark settled with Falcon and were dismissed from the case

---

[1] The Joint Status Report and Provisional Discovery Plan filed on March 5, 2013 provides that Falcon's deadline "to amend the pleadings or add additional parties" was April 26, 2013. Doc. 40 at 2. But the Court construes this language only to create a window of time within which Falcon could either obtain written consent to amend from all the parties or to seek leave of the Court to amend its First Amended Complaint – not as permission to circumvent its obligation to comply with the federal rules of civil procedure. Moreover, language setting only a deadline cannot be read to override the Court's discretion in granting or denying a motion to amend. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.").

on September 24, 2013. *See* Doc. 67. Local counsel for GRG and Haldo have withdrawn as counsel, *see* November 21, 2013 Order (Doc. 72), and those Defendants have been given thirty days to retain substitute local counsel.

### II.  Analysis

#### A.  The motion for default judgment is moot.

It has long been held that an amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (internal quotation marks omitted). Thus, when Falcon filed its Second Amended Complaint adding new allegations against DMA, its motion for default judgment became moot because such a motion necessarily refers to the defendant's failure to answer the operative complaint at the time the motion is filed, and the Second Amended Complaint "supercedes [the previous] complaint and renders the [previous] complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).

#### B.  Even if the motion were not moot, it would not be granted.

The First Amended Complaint cites 15 U.S.C. § 1121(a), which gives this Court jurisdiction over trademark actions, as a basis for subject-matter jurisdiction, and cites only 35 U.S.C. § 292 as the statutory authority for Falcon's substantive patent claim. *See* First Am. Compl. at 7, ¶ 57. Section 292 prohibits "false marking" and permits a patentee "who has suffered a competitive injury as a result of a violation of this section [to] file a civil action . . . for recovery of damages adequate to compensate for the injury" against

> [w]hoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States . . . the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made,

    offered for sale, sold, or imported into the United States by or with the consent of the patentee.

35 U.S.C. § 292(a),(b).

  Plaintiff sought a default judgment establishing DMA's liability presumably for violation of 35 U.S.C. § 292 – the only substantive statute mentioned in the First Amended Complaint – but the motion itself mentions only patent infringement and not false marking.  *See* First Am. Compl. at 7, ¶ 57; Doc. 32 at 3-5.  But Falcon failed to support its motion with any citation to the statute under which it is actually seeking a finding of liability or by setting out the elements of its claim that are satisfied by the allegations in its First Amended Complaint.  It is true that DMA's failure to file an answer relieved Falcon "of the burden of proving its factual allegations," and that "by his default, [the defendant] admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."  *United States v. Craighead*, No. 05-6227, 176 Fed. App'x 922, 924,  2006 WL 936684, **2 (10th Cir. April 12, 2006) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.").

  But the allegations in the Amended Complaint do not accuse DMA of falsely marking an item with Falcon's assignor's name or patent number with the intent of inducing the public to believe that the item was made or is being sold with Falcon's consent.  Since § 292 is the only statute on which Falcon relies for a finding of liability, the Court can not enter a default judgment against DMA based on § 292.  It appears that Falcon may actually be attempting to bring a straightforward patent-infringement claim under 35 U.S.C. §§ 271 and 281, which authorize a civil suit by a patentee or its assigns against "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States. . . any patented invention

during the term of the patent therefor," thereby infringing the patent.  But, although the Court will liberally construe the pleadings and motions of a pro-se party, it generally will not interfere in, liberally construe, or otherwise substitute or provide legal arguments or authorities in motions prepared by attorneys.  Therefore, even if the Court were to consider Falcon's motion for default judgment, it would not grant it.

### III.  Order to show cause why case should not be dismissed for failure to prosecute.

Service of motions and other pleadings is generally not required on a party "who is in default for failing to appear."  Fed. R. Civ. P. 5(a) (2).  "But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."  *Id.*  As noted above, the Second Amended Complaint added new claims against DMA.  But the record demonstrates that Falcon did not serve its Second Amended Complaint on DMA under Rule 4; instead it only mailed a copy of the pleading to DMA's business address.  *See* Doc. 49 at 14, 3 ¶ 13.

 Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules [of civil procedure]."  "Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  Falcon failed to follow Rule 5(a)(2), which required it to properly serve DMA under Rule 4 with the Second Amended Complaint filed seven months ago.  *Cf.* Fed. R. Civ. P. 4(m) (providing that, if a defendant is not served with process within 120 days of the filing of a complaint, the court may sua sponte dismiss the action).  Falcon shall show cause in writing why its cause of action against DMA should not be dismissed for its failure to properly serve or prosecute DMA after it filed the Second Amended Complaint.

**IT IS ORDERED** that Falcon's motion for default judgment (Doc. 32) is DENIED;

**IT IS FURTHER ORDERED** that Falcon shall show cause in writing within 15 days of the filing of this Order why its case against DMA should not be dismissed.

_____
UNITED STATES DISTRICT COURT