IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


FALCON INDUSTRIES, INC.,

    Plaintiff,

v.                                                      CIV No. 12-679 JCH/GBW

COMBAT OPTICAL, INC. *et al*,

    Defendants.

## ORDER

    This matter is before the Court on Plaintiff's Motions to Compel Defendants Gun Rifle Gear and Haldo, Inc. *Docs. 79, 80.* The Court held a status conference on these motions on April 8, 2014. *Doc. 87.* At that conference, counsel for Defendants Gun Rifle Gear and Haldo, Inc. conceded that the Defendants should be compelled to answer Plaintiff's propounded discovery. In light of counsel's representations and because failure to respond to a motion constitutes consent to that motion under Local Rule 7.1, the Court will **GRANT** Plaintiff's Motions.

    Further, upon resolution of motions to compel or for protective orders, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds

were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."[1] *Id*. The Court finds none of these exceptions applicable. Thus, Defendants are ordered to pay Plaintiff's reasonable expenses and attorney's fees for Plaintiff's briefing of the Motions to Compel (*docs. 79, 80*). Within seven days of the entry of this Order, Plaintiff shall file an affidavit outlining its expenses as described above. Defendants' objections to the amount claimed by Plaintiff, if any, shall be filed within seven days of the filing of the affidavits.

Finally, counsel for Defendants is ordered to retain local counsel and have them enter their appearance within seven days of the issuance of this order.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).